# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SHAWANIA MARIA MARSHALL,

    **Plaintiff,**

v.

LATIN COLLEGE PREPARATORY
CHARTER SCHOOL,

    **Defendant.**

1:17-cv-3698-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Shawania Maria Marshall's ("Plaintiff") Motion to Dismiss [9] ("Motion").

**I.  BACKGROUND**

On September 28, 2017, Plaintiff's Complaint [3] against Defendant Latin College Preparatory Charter School ("Defendant"), was filed on the docket.

On December 18, 2017, Defendant filed its Answer [7] to the Complaint.

On January 16, 2018, Plaintiff filed her Motion, in which she requests to dismiss this action.  Defendant did not file a response to the Motion and it is deemed unopposed.  LR 7.1(B), NDGa.

## II. DISCUSSION

### A. Legal Standard

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015) (quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856 (11th Cir. 1986)).

"A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). . . ." Id. "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." Id. In determining whether a defendant will suffer clear legal prejudice, "the Court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence . . . in prosecuting the action, insufficient explanation for . . . a dismissal, and whether a motion for summary

judgment has been filed by the defendant." Peterson v. Comenity Capital Bank, No. 6:14-cv-614-Orl-41TBS, 2016 WL 3675457, at *1 (M.D. Fla. May 3, 2016) (quoting Pezold Air Charters v. Phx. Corp., 192 F.R.D. 721, 728 (M.D. Fla. 2000)); see also Potenberg v. Boston Sci. Corp., 252 F.3d 1253, 1259 n. 5, 1259-60 (11th Cir. 2001) (describing these factors as a guide, rather than a mandatory checklist, which derives from Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)).  Ultimately, "[t]he court's task is to 'weigh the relevant equities and do justice between the parties.'" Goodwin v. Reynolds, 757 F.3d 1216, 1219 (11th Cir. 2014) (quoting McCants, 781 F.2d at 857).

B. Analysis

Plaintiff filed her Motion less than four months after this action was filed, and less than a month after Defendant filed its answer.  There is no indication that the parties have engaged in discovery or any other activity that would result in Defendant suffering "clear legal prejudice" if this case were to be dismissed without prejudice.  See Arias, 776 F.3d at 1268.  Further, Defendant has likely spent minimal resources for trial preparation, there has not been excessive delay in this action, and no motion for summary judgment has been filed.  Having considered the Motion, weighed the interests of both parties, and that Defendant does not oppose Plaintiff's dismissal request, the Court grants Plaintiff's Motion

3

and dismisses this action under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

III. **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss [9] is **GRANTED**. This action is **DISMISSED** under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**SO ORDERED** this 5th day of March, 2018.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE